**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **JAMISON JERALD MORTON** | : | **CIVIL ACTION NO. 14-cv-3496** |
| **REG. #29626-083** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **WARDEN FCI OAKDALE** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Jamison Jerald Morton (hereinafter "Morton").  Morton is in the custody of the Federal Bureau of Prisons and is incarcerated at the Federal Correctional Institution in Oakdale, Louisiana.  However, his petition is based on events that occurred while he was incarcerated at the United States Penitentiary in Atlanta, Georgia.[1]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE.**

---

[1] Jurisdiction must be judged as of the time a petition is filed.  *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). Since Morton was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper.  *Id.*; 28 U.S.C. § 2241(d).

# I.
## BACKGROUND

Morton alleges that he was erroneously deprived of good-time credit.  On December 10, 2013, a cell phone charger was found inside Morton's assigned quarters.  Doc. 1, att. 2, p. 1.  As a result, Morton was charged with possession of a hazardous tool.  Doc. 1, att. 3, p. 3.  The charged offense was referred to the Disciplinary Hearing Officer (hereinafter "DHO") and on March 3, 2014 a hearing was held before the DHO.  *Id.* at p. 8.  The DHO considered the incident report prepared by Officer Coley, a statement of Morton's cellmate, Morton's verbal and written defense statements, and photographic evidence and found that Morton did commit the prohibited act.  *Id.* at 7-8.  His sanctions included, among other things, loss of forty days of good-time credit.  *Id.* p. 7.  From the evidence submitted, it appears that Morton appealed the DHO's findings at every level.  Doc. 1, att. 3, pp. 5-6, 18, 26-28, 30-31.

Morton filed this suit asking this court to reverse the DHO sanctions and to restore his good-time credit and all other privileges.  Doc. 1, att. 2, p. 3.

# II.
## LAW AND ANALYSIS

Morton seeks habeas corpus relief pursuant to 28 U.S.C. § 2241, which provides that "the writ of habeas corpus shall not extend to a prisoner unless – [h]e is in custody in violation of the Constitution or laws or treaties of the United States..." 28 U.S.C. § 2241(c)(3).  Here, Morton claims that he was wrongfully deprived of good-time credit.  Federal prisoners have liberty interests in their accumulated good-time credit.  *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).  Therefore, the analysis approved by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1985), governs this review of the contested disciplinary proceedings.

In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) that upon review, "some evidence" support the ruling.  *Henson v. U.S. Bureau of prisons, supra* at 898.

Courts will not review a disciplinary hearing officer's factual findings de novo.  Instead, the courts will only consider whether the decision is supported by some facts or by "a modicum of evidence."  *Hill,* 472 U.S. at 454–55; *Gibbs v. King,* 779 F.2d 1040, 1044 (5th Cir. 1986), *cert. denied,* 476 U.S. 1117 (1986) ("[A] finding of guilt requires only the support of 'some facts' or 'any evidence at all.') citations omitted.  "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson,* 253 F.3d 874, 877 (5th Cir. 2001).  "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer."  *Hudson v. Johnson,* 242 F.3d 534, 537 (5th Cir. 2001). The information provided in a written incident report standing alone can satisfy the "some evidence" standard.  *Id.* at 536–537.

In this case, the DHO followed the proper procedures and after a hearing, found that:

> The DHO has no reason to believe the staff member would fabricate any portion of their statement or report and the staff outlined the eyewitness account of seeing the item in your cube and the cellphone charger was plugged in an outlet. … In this case, the contraband was a cellphone charger [which] was found in your assigned cube plugged into an electrical outlet, and you are responsible for items in this area. …
>
> The DHO gave the greater weight to the statement provided by staff than your statement.  You failed to provide any information reflecting the reporting staff member had any reason to provide a false statement or information.  On the other hand, it would be beneficial to you and your inmate witness to provide a false statement and/or information in order to avoid discipline actions.  Therefore, based on the evidence outlined above,

the DHO finds the greater weight of the evidence to show you committed the prohibited act.

Doc. 1, att. 3, p. 7.

Based on a review of the above information, there is no question that the "some evidence" standard was met supporting the DHO's finding of guilt.  Thus, Morton has failed to show that a constitutional violation occurred, and his claims should be denied.

**III**.
**CONCLUSION**

For reasons stated,

**IT IS RECOMMENDED THAT** the petition for writ of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 2(b), parties aggrieved by this report and recommendation have fourteen (14) days from its service to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

THUS DONE AND SIGNED in Chambers this 3rd day of September, 2015.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE